UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BOARD OF PAROLE HEARINGS, CALIFORNIA,<br><br>　　　　　Respondent. | No.  2:23-cv-2554 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　　Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

　　　In his first claim, petitioner asserts that his being denied parole has violated his Fourteenth Amendment right to due process. Petitioner does have a liberty interest in parole protected by the Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859, 861–62, 178 L.Ed.2d 732 (2011).

1

1  However, the procedural protections which must be afforded with respect the liberty interest
2  implicated are minimal; the "Constitution does not require more" than "an opportunity to be
3  heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons
4  why parole was denied." Id. at 862. Since petitioner does not allege he was denied an
5  opportunity to be heard at parole proceedings nor that he was not informed why he was denied
6  parole, he cannot prevail on his first claim.

7  Petitioner also claims his being denied parole violates California law. With respect to this
8  aspect of his claim, petitioner is not entitled to habeas relief as the court can only entertain a
9  petition for a writ of habeas corpus if a violation of federal and not state law is alleged. 28 U.S.C.
10 § 2254.

11  In claim two, petitioner appears to assert that he has been denied timely parole hearings.
12  Arguably the court could order that a parole hearing be held if petitioner showed he is entitled to
13  one at present time. He has not made that showing nor attempted to.

14  In claim 3, petitioner complains about representation received at parole proceedings. The
15  Ninth Circuit has held that California prisoners do not have a right to counsel at parole
16  proceedings arising under the Due Process Clause of the Fourteenth Amendment, Dorado v. Kerr,
17  454 F.2d 892, 897 (9th Cir. 1972), and the Sixth Amendment right to effective assistance of
18  counsel is specific to "criminal prosecutions." Since petitioner has no federal right to counsel at
19  any parole proceeding, he is not entitled to relief as to ground 3.

20  The heading for claim 4 reads as follows:

> Petitioner has been denied all the federal protected rights on reasonable plea offer jury trial; direct appeal, post-conviction legal actions; and now over past 20 years and parole hearings.

23  However, he fails to point to anything specific suggesting any of these rights have been violated.

24  Because petitioner fails to point to any even arguable basis for granting petitioner relief
25  under 28 U.S.C. § 2254, the court will recommend that petitioner's petition for writ of habeas
26  corpus be summarily dismissed.

27  /////
28  /////

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 23, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cald2554.sd